UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLY DOWDEN,

    Plaintiff,

v.                                  Case No: 8:17-cv-1227-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## **OPINION AND ORDER**

Plaintiff, Kelly Dowden, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number) and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for SSI on September 16, 2013, alleging a disability onset date of September 1, 2012. (Tr. 155-60). Plaintiff's claim was denied initially on January 15, 2014, and upon reconsideration on March 11, 2014. (Tr. 93-95, 100-04). At Plaintiff's request, a hearing was held before Administrative Law Judge ("ALJ") Angela L. Neel on November 19, 2015. (Tr. 36-67). On January 4, 2016, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 16-35). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on March 21, 2017. (Tr. 1-6). The parties having filed a joint legal memorandum setting forth their respective positions, this case is ripe for review.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 12, 2013, the application date. (Tr. 21). At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, degenerative disc disease of the cervical and lumbar spines, schizoaffective disorder, bipolar disorder, borderline intellectual functioning, post-traumatic stress disorder (PTSD), opioid type dependence and nicotine dependence. (Tr. 21). At step three, the ALJ found that Plaintiff did not have an

impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 416.967(b) except she can have no overhead work activity. She cannot climb ladders and scaffolds, kneel or crawl. She can occasionally climb ramps and stairs. She cannot work at unprotected heights, around hazardous moving mechanical parts or operate a motor vehicle. She is limited to simple routine and repetitive tasks and making simple work related decisions. She can have frequent interaction with supervisors and occasional interaction with coworkers and the general public.

(Tr. 24). At step four, the ALJ found that Plaintiff had no past relevant work. (Tr. 30).

At step five, the ALJ found that considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in the national economy in significant numbers that Plaintiff can perform. (Tr. 30). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform such jobs as folder, produce sorter, and marker/pricer. (Tr. 31). The ALJ concluded that Plaintiff was not under a disability since September 12, 2013, the application date. (Tr. 31).

**II.     Analysis**

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by failing to properly evaluate Plaintiff's feet impairments, and (2) whether the ALJ erred by failing to fully and adequately consider Plaintiff's limitations in social functioning. The Court will address each issue in turn.

**A. Whether the ALJ erred by failing to properly evaluate Plaintiff's feet impairments.**

Plaintiff argues that the ALJ erred by finding that Plaintiff's feet impairments were non-severe. (Doc. 18 p. 6). Plaintiff contends that the ALJ incorrectly interpreted the treatment notes

to find that Plaintiff's pain was not as severe as alleged. (Doc. 18 p. 7). Plaintiff argues that the fact that Plaintiff's gait and station were normal on examination does not belie her statement that she cannot stand for prolonged periods of time. (Doc. 18 p. 7).

In response, Defendant argues that the ALJ properly found that Plaintiff's feet impairments were not severe. (Doc. 18 p. 9). Defendant contends that Plaintiff failed to show that they significantly affected her ability to perform work-related activities. (Doc. 18 p. 9).

At step two, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work, and must last continuously for at least twelve months. *See* 20 C.F.R. §§ 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987).

It is Plaintiff's responsibility to prove that she has a severe impairment. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). In this case, the Court finds that Plaintiff has failed to prove that her feet impairments were severe. Plaintiff cites to her testimony of swollen and numb feet as evidence showing a severe impairment. Subjective complaints, however, are insufficient to establish a severe impairment. 20 C.F.R. § 416.928(a) ("Your statements alone are not enough to establish that there is a physical or mental impairment."). Further, Plaintiff also points to the treatment notes from Dr. Jonathan Selbst, her podiatrist, who assessed diffused generalized neuropathy of the lower extremities. (Tr. 400, 401). The Eleventh Circuit, however, has held that a diagnosis itself says nothing about the severity of a condition. *See Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987); *see also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("the mere

diagnosis of arthritis, of course, says nothing about the severity of the condition"). While Dr. Selbst noted that he wanted to start Plaintiff on gabapentin or Lyrica and recommended that Plaintiff obtain over-the-counter shoe inserts, he did not offer any opinion on the functional limitations caused by Plaintiff's condition. The ALJ properly noted Dr. Selbst's findings, but explained that "as a whole, the record documents the claimant's gait and station were normal, and there was no joint enlargement or tenderness. (Tr. 21).

Plaintiff has failed to show how any alleged foot impairments significantly affected her ability to perform work-related activities. Accordingly, the Court finds no error in the ALJ's decision that Plaintiff's alleged foot impairments were not severe impairments.

**B. Whether the ALJ erred by failing to fully and adequately consider Plaintiff's limitations in social functioning.**

In her decision, the ALJ found that Plaintiff could have occasional interaction with coworkers and the general public. (Tr. 24). Plaintiff argues that the ALJ erred by failing to specify the type of "occasional interaction" she could have with coworkers and the public. (Doc. 18 p. 10). Plaintiff contends that the case should be remanded with directions to the ALJ to "clarify whether the claimant's limitations in interacting with coworkers and the general public, only pertain to interaction where the claimant would have to work with a coworker or the public in tandem or conversationally, or whether it includes working in crowded areas frequently or constantly, even though the interaction is superficial." (Doc. 18 p. 11). In response, Defendant argues that Plaintiff identifies no support for the contention that the ALJ is required to formulate the RFC with such specificity and that Courts have routinely affirmed decisions with identical limitations. (Doc. 18 p. 12-13).

Here, the Court finds Plaintiff's argument lacks merit. As Defendant notes, Plaintiff failed to provide any support for her contention that the ALJ was required to specify the type of "occasional interaction" Plaintiff could have with coworkers and the general public. To the contrary, courts have affirmed ALJ decisions with nearly identical limitations. *See, e.g., Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 739 (11th Cir. 2017) (substantial evidence supported RFC finding for light work and, inter alia, occasional interaction with other people); *Brown v. Comm'r of Soc. Sec.*, 442 F. App'x 507, 511, 514 (11th Cir. 2011) (affirming ALJ's decision where RFC limited plaintiff to light work and, inter alia, no interaction with the public and only occasional interaction with coworkers and supervisors); *Lingenfelser v. Comm'r of Soc. Sec.*, 2017 WL 4286546, at *12 (M.D. Fla. Sept. 27, 2017) (substantial evidence supported RFC finding for light work and, *inter alia*, occasional interaction with the public, supervisors, co-workers). There is no apparent ambiguity in the limitation finding, as the vocational expert did not ask the ALJ for clarification of the hypothetical question, indicating that the described limitations were sufficiently clear for him to testify. (Tr. 59-60).

Plaintiff has failed to demonstrate the ALJ erred by failing to specify the type of "occasional interaction" Plaintiff could have with her coworkers and the general public. Accordingly, the Court affirms the ALJ's analysis of Plaintiff's limitations in social functioning.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2018.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties